**RAILWAY EXPRESS AGENCY, INC.,**
**Plaintiff,**

**v.**

**J. Edward DAY, Postmaster General of**
**the United States, Defendant.**

**Civ. A. No. 1202-62.**

United States District Court
District of Columbia.

Oct. 26, 1962.

———◆———

John M. Lynham, Washington, D. C., William J. Taylor, New York City, for plaintiff.

Donald B. MacGuineas, Robert Mandel, Jonathan B. Altschuler, Civil Division, Department of Justice, Paul Meininger, Associate Gen. Counsel, David Acheson, U. S. Atty., Washington, D. C., for defendant.

Paul A. Porter, Edward J. Hickey, Jr., James L. Highsaw, Jr., William G. Mahoney, Bryce Rea, Jr., Donald E. Cross, Giles Morrow, Robert E. Redding, Austin L. Roberts, Jr., Roy C. Frank, Robert J. Corber, Drew L. Carraway, Harry C. Ames, Gregory S. Prince, Philip F. Welsh, Carl V. Lyon, Washington, D. C., for intervenors.

LEONARD P. WALSH, District Judge.

This matter comes before the Court on Defendant's motion to dismiss, and motions for summary judgment filed by both Plaintiff and Defendant. The

three motions were argued and taken under advisement.

Railway Express Agency, Plaintiff herein, filed an original complaint seeking a declaratory judgment and injunctive relief against J. Edward Day, Postmaster General of the United States, alleging that on April 27, 1961, the Postmaster General filed with the Interstate Commerce Commission a letter announcing his intention to apply for Commission consent to the establishment of certain reformations of conditions of mailability of fourth-class mail, including revisions of the limits of size and weight of such mail; that on October 21, 1961, the Postmaster General, in the Federal Register, announced a proposal for reformation of the conditions of mailability of fourth-class mail, including the proposal to increase the size and weight of parcels; that in December of 1961, the Postmaster General held an informal conference to solicit the views of all interested parties, at which Plaintiff was represented by counsel; that Plaintiff also filed a written statement to the effect that the proposed action by the Postmaster General was beyond his statutory authority since Congress had fixed the limitations as to weight and size of fourth class mail in 39 U.S.C. § 4552; that on January 2, 1962, the Postmaster General submitted the proposals to the Interstate Commerce Commission, and thereafter the Commission issued an order inviting interested parties to file briefs as to its jurisdiction; and on March 22, 1962, Plaintiff received a report of the Commission in which the Commission found it was not its function to determine the statutory authority of the Postmaster General to propose increases in the size and weight of fourth-class mail beyond the limits fixed in 39 U.S.C. § 4552.

The Postmaster contends that under 39 U.S.C. § 247, he is required to fix fourth-class mail rates, weight limits and other conditions of mailability at a level which will cause revenues from that service to be within 4 per cent of costs; that if they are not fixed at that level, the Postmaster General must ask the Interstate Commerce Commission's consent to a new rate schedule and other reformations of conditions of mailability of fourth class mail to bring them to that level, or be unable to withdraw from the Treasury any of the funds appropriated to the Post Office Department from the general fund, in accordance with 31 U.S.C. § 695; and that accordingly, he had requested the consent of the Commission to the establishment of the proposed reformations of conditions of mailability of fourth-class mail.

One of the primary objections which the Postmaster General raises to the instant action is that Plaintiff herein has no standing to sue as it has not exhausted its administrative remedies, since the Commission has not completed its investigations of the proposals and has not granted its consent to their establishment as required by the statute; and further that Plaintiff shows no damage to itself and consequently the action is premature.

In its report dated March 22, 1962, the Interstate Commerce Commission stated it was not the Commission's function to determine the scope of the Postmaster General's authority under the postal law and refrained from expressing any conclusion thereon. On that basis the Plaintiff contends it has exhausted its administrative remedies and the matter is properly before the Court.

The Court has reviewed the pleadings, the points and authorities, and the oral arguments of counsel.

The pertinent provision of 39 U.S.C. § 4552, 65 Stat. 610, reads as follows:

"(a) Except as provided in subsection (b) of this section—

"(1) the maximum size of fourth class mail is seventy-two inches in girth and length combined, and

"(2) the minimum weight is sixteen ounces and the maximum forty pounds in the first and second zones and twenty pounds in any other zone."

Congress in enacting Public Law 199 in 1951, 39 U.S.C. § 4552, specified

that the maximum size of fourth-class mail shall be seventy-two inches in girth and length combined, and the minimum weight shall be sixteen ounces and a maximum of forty pounds. The language of the statute is clear; there is no ambiguity in the language; and the statute is binding on the Postmaster General. Even a cursory look at the legislative history indicates a clear intention on the part of the Congress to so limit the size of parcel post packages.

The Postmaster General contends that the Congress in not expressly repealing 39 U.S.C. § 247, he has authority to propose changes in the size and weight of fourth-class mail, and his statutory authority is not limited by 39 U.S.C. § 4552.

■ The Congress, in enacting 39 U.S.C. § 4552, in clear language expressly limits the size and weight of parcel post packages, and the Postmaster General is bound by the statute. This Court would grant the summary judgment for the Plaintiff, *but* the Court is of the opinion that the motion to dismiss must be granted on the grounds that: (1) the action is premature; (2) this Court has no jurisdiction until the Interstate Commerce Commission either approves or disapproves the proposal of the Postmaster General; and (3) the Plaintiff, Railway Express Agency, cannot sustain damage until there is an increase in the size and weight of parcel post packages.

It is noted that the Interstate Commerce Commission concludes its report of March 22, 1962, by stating:

"Due notice of our investigation will be given as soon as the Postmaster General advises us of the earliest date upon which he will be ready to submit representations and a brief in support of his specific proposals."

Accordingly, it is this 26th day of October, 1962,

ORDERED, that the Plaintiff's motion for summary judgment be, and the same hereby is, denied; and

ORDERED, that the Defendant's motion for summary judgment be, and the same hereby is, denied; and

FURTHER ORDERED, that the Defendant's motion to dismiss be, and the same hereby is, granted without prejudice.

The Court also heard three motions to intervene on behalf of Defendant and four motions to intervene on behalf of Plaintiff. The Court granted all motions to intervene, on the basis that each party would stand on the identical position of the Plaintiff and/or Defendant. In the event, of course, of any proceedings on the merits, the intervening parties reserved the right to introduce evidence on their own behalf.